UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NATHAN J. HUBBARD,

Plaintiff,

v.

DIEGO ROMERO,

Defendant.

Case No. 25-cv-08504-JD

**ORDER REOPENING CASE AND RE DISMISSAL**

Plaintiff, a detainee of uncertain custodial status, filed a pro se civil rights complaint under 42 U.S.C. § 1983. This case was dismissed without prejudice due to plaintiff's failure to file a proper application to proceed in forma pauperis. He recently filed a complete in forma pauperis application, which is granted. The case is reopened, and the Court reviews the complaint.

**DISCUSSION**

**STANDARD OF REVIEW**

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court will identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings are liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above

United States District Court
Northern District of California

the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that he was the victim of excessive force by police. To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid under Section 1983, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). Consequently, a claim for damages bearing such a relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id*. at 487.

If a plaintiff files a Section 1983 claim related to an arrest before he or she is convicted, or files any other claim related to rulings that likely will be made in a pending or anticipated criminal trial, it is within the power of the district court, and accords with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). If the plaintiff is subsequently convicted, and if the stayed civil suit would impugn that conviction, *Heck* requires dismissal; otherwise, the case may proceed. *Id*. at 394.

Plaintiff states that he was taken into custody by police and brought to the courthouse. He believed the arrest was unlawful, so he slipped out of a room and left the building. After a three-

2

hour manhunt, defendant Officer Romero found plaintiff and pursued him. Plaintiff stopped running and put up his hands. Defendant ordered plaintiff to lie on the ground and while plaintiff was attempting to get on the ground, defendant used his taser against plaintiff. Plaintiff alleges that this was excessive force that caused extreme pain and suffering and heart complications.

The Court notes that plaintiff is still in custody. It is unclear if plaintiff is pending trial or has already been convicted. It is also not clear if he is in custody related to the escape or the original underlying charges. The complaint is dismissed with leave to amend to provide more information. Plaintiff should indicate the status of the charges, why he is currently in custody, what charges are the basis of the prosecution against him, and this case should not be stayed.

### CONCLUSION

1. The case is reopened. The complaint is dismissed with leave to amend. The amended complaint must be filed within twenty-eight (28) days of the date this order is filed and must include the caption and civil case number used in this order and the words Amended Complaint on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time may result in the dismissal.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: June 22, 2026

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California

3